**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA :

v. :

TREVOR P. BENJAMIN :

Criminal Action No. DKC-96-0217
Civil Action No. DKC-07-148
(ECF Exempt)

. . . . . . . . .o0o. . . . . . . . .

## MEMORANDUM

Before the court is a pro se motion pursuant to Fed R. Civ. P 60(b) filed by Trevor P. Benjamin, a federal inmate. Defendant contends that this court erred in not reaching the merits of his previous Motion to Vacate filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Rule 60(b) motion, construed as both a Rule 60(b) motion and a Motion to Vacate filed pursuant to 28 U.S.C. § 2255, will be summarily denied.

## I. Procedural Background

Defendant was sentenced to 248 months imprisonment on November 7, 1996, after entering a guilty plea to bank robbery and use of a firearm during and in relation to a crime of violence. The Fourth Circuit Court of Appeals vacated and remanded this case for the limited purpose of addressing the restitution provision of the sentence. An amended judgment was entered on December 2, 1997, in accordance with the Fourth Circuit mandate. Mr. Benjamin did not file an appeal from that decision. A subsequent Motion to Vacate filed pursuant to 28 U.S.C. §2255 was denied on June 23, 2000.[1] Defendant's later efforts to challenge his conviction and sentence by way

[1]The court received papers from Mr. Benjamin on two separate days which were then construed and docketed as two separate Motions to Vacate Under 28 U.S.C. § 2255. Upon further review, the court concluded that the motions were intended by Mr. Benjamin to be one motion; however, the docket was not modified. The motions were consolidated in the event Mr. Benjamin sought to appeal the dismissal of same.

of a motion for modification and a motion for reconsideration were unsuccessful.

## II. Analysis

### A. Rule 60(b)

Relief from judgment pursuant to Rule 60(b) is a matter committed to the discretion of the district court. *See Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973). In order to prevail under Rule 60(b), a movant must first meet certain "threshold conditions." *National Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). It must be shown that: 1) the motion is timely; 2) there is a meritorious defense; and 3) the opposing party would not suffer unfair prejudice by having the judgment set aside. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). If threshold conditions are met, the analysis proceeds to a second stage of inquiry: the movant must satisfy one or more of the six grounds for relief in 60(b)(1)-(6). *See Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). If the movant is able to establish the elements of the first and second stages of this analysis, the "court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine, within its discretion, whether relief is appropriate in each case." *Square Construction. Co. v. Washington Metro. Area Transit Authority*, 657 F.2d 68, 71 (4th Cir. 1981).

Federal Rule of Civil Procedure 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion

> shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Rule 60(b) contemplates that a party may file a motion to set-aside within a "reasonable time" and for motions under subsections (1) and (3), within a year of entry of judgment. "Motions under Rule 60(b) must be brought 'within a reasonable time' and 'the movant must make a showing of timeliness.'" *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991). What constitutes a "reasonable time" for the filing of a Rule 60(b) motion "'depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties.'" *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986).

Clearly, this Rule 60(b) motion is untimely.[2] The motion was filed more than six years after entry of the judgment from which relief is sought, and defendant fails to provide any explanation for the delay. For this reason, the motion will be denied by separate Order.

**B. 28 U.S.C. § 2255**

Although the instant pleading is styled as a Rule 60(b) motion and Mr. Benjamin specifically states that he is not filing a second Motion to Vacate under § 2255, the motion challenges the constitutionality of his conviction and sentence. As such, it is properly considered a successive 28 U.S.C. §2255 motion. *See United States v. Winestock*, 340 F. 3d 200 (4th Cir. 2003). In *Winestock*, 340 F.3d 200, 206-07, the United States Court of Appeals for the Fourth Circuit distinguished

---

[2] Defendant does not specify under which subsection or subsections of Rule 60(b) the motion is brought.

between a Rule 60(b) motion and a 18 U.S.C. §2255 motion. The Fourth Circuit explained that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id*. at 207. Where, as here, a prisoner attacks his conviction, not the underlying collateral review process, the motion is more properly construed as a section 2255 motion to correct sentence.

A second or successive section 2255 petition may not be filed absent authorization to do so from the Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Such authorization is granted only if the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
> 28 U.S.C. §2255.

Accordingly, absent authorization from the United States Court of Appeals for the Fourth Circuit to consider this second or successive section 2255 petition, it must be dismissed for lack of subject matter jurisdiction.

## III. Conclusion

For the above stated reasons, a separate Order shall be entered denying the Motion for Relief from Judgment construed as a notion filed pursuant to Fed. R. Civ. P. Rule 60(b) and as a Motion to Vacate filed pursuant to 28 U.S.C. § 2255.

/s/

DEBORAH K. CHASANOW
United States District Judge