IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

   v. : Criminal No. DKC 96-0217

TREVOR PLACIDO BENJAMIN :

**MEMORANDUM OPINION**

Pending before the court are motions filed by Defendant Trevor Placido Benjamin for modification of interest on restitution (ECF Nos. 79, 80) and for a reduction of sentence (ECF No. 87). For the reasons that follow, Defendant's motion for modification, construed as a motion to correct the amended judgment, will be granted and his motion for reduction of sentence will be denied.

**I. Background**

By a judgment entered November 7, 1996, Defendant Trevor Placido Benjamin was convicted, upon his guilty plea, of six counts of bank robbery and one count of use of a firearm during and in relation to a crime of violence. He was sentenced to an aggregate term of imprisonment of 248 months to be followed by three years of supervised release. The court did not impose a fine, but ordered Defendant to pay restitution of $90,000 and a special assessment fee of $350. The restitution amount was owed

to two individual victims and four banks.  As to the schedule of payments, the judgment specified that "[t]he assessment and restitution for the individual victims are to be collected through the Financial Responsibility Program during incarceration, and the remainder due to the banks is to be paid while on supervised release in monthly installments of $2400 until paid, if defendant [is] employed and otherwise capable of paying." (ECF No. 17, at 5).  Although the court pronounced at sentencing that it would "not be adding any interest to any unpaid amount" of restitution (ECF No. 23, at 46), the written judgment did not reflect that interest was waived.

Defendant appealed to the United States Court of Appeals for the Fourth Circuit, which vacated the restitution order and remanded for this court to make factual findings required under the Victim and Witness Protection Act.  *See United States v. Benjamin*, No. 96-4866, 1997 WL 394055 (4th Cir. 1997) (per curiam).  At a resentencing hearing held November 10, 1997, the court, upon the joint recommendation of the parties, ordered Defendant to pay restitution of "slightly more than $10,000 while on supervised release at the term of $280 per month for . . . the 36 months that [he is] on supervised release." (ECF No. 55, at 4).  The amended judgment, entered shortly thereafter, required Defendant to pay restitution of $10,080 according to the same schedule and order of payees as set forth in the

original judgment.[1]  Neither the resentencing record nor the amended judgment reflects that interest was waived on the restitution amount.

By a letter dated August 1, 2008, Defendant advised the court that, although he was ordered to pay restitution of $10,080 and had been making regular payments during his incarceration, he received an administrative offset notice from the Government indicating a balance due of $13,623.37. Defendant attributed the increased balance to interest accruing on the unpaid amount and asked that "interest on the restitution be waived leaving only the original ordered amount in the balance." (ECF No. 79).  On August 28, 2008, Defendant filed a *pro se* motion for modification of interest, requesting that "the interest be waived pursuant to Title 18 U.S.C. § 3612(f)(3)(A)." (ECF No. 80, at 1).  He attached as an exhibit to that motion a letter from the Government indicating that, as of August 18, 2008, the balance on the restitution amount was $7,612.95, but that he also owed interest of $6,068.88, resulting in a "total balance due of $13,681.83." (ECF No. 80-3).

Soon thereafter, Defendant filed supplemental motion papers, attaching the portion of the original sentencing

---

[1] Specifically, the court ordered Defendant to pay $2,874.00 to the two individual victims, $1,050.00 to Equitable Federal Savings Bank, $1,400.00 to First Union National Bank, $4,425.00 to First National Bank of Md., and $300.00 to Md. Federal Savings & Loan.

transcript in which the court indicated that interest would not be applied. (ECF No. 82). On October 29, 2008, the court received a letter from an assistant federal public defender purporting to clarify, on behalf of Defendant, that he "does not seek to modify the restitution order," but "to have the restitution order originally imposed enforced" so that it "conform[s] to the Court's order at sentencing that no interest be added to the restitution award." (ECF No. 83) (emphasis removed).

On May 27, 2011, Defendant filed a motion for reduction of sentence, arguing that his sentence should be reduced based on the November 2010 amendments to the United States Sentencing Guidelines. (ECF No. 87).

**II. Analysis**

    **A.   Motion for Modification of Interest**

In his various motion papers related to interest on restitution, Defendant seeks relief based on two separate grounds. First, he asks the court to modify the amended judgment by "waiv[ing] all previously accrued and future interest on the ordered restitution," pursuant to 18 U.S.C. § 3612(f)(3)(A). (ECF No. 80, at 2). Additionally, he requests correction of the amended judgment such that it "conform[s] to the [c]ourt's order" orally pronounced at the original

sentencing hearing, presumably pursuant to Federal Rule of Criminal Procedure 36. (ECF No. 83).

Title 18, section 3612(f)(1) of the United States Code provides that a defendant "shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." Nevertheless, a district court is authorized to "waive the requirement for interest" if it "determines that the defendant does not have the ability to pay." 18 U.S.C. § 3612(f)(3)(A).

In his initial *pro so* motion, Defendant argues that interest on the restitution amount he owes should be waived for the following reasons:

> (1) documented inability to pay at [the] time of judgment; (2) length of sentence (almost 21 years); (3) additional financial burden upon re-entry (living expenses plus restitution balance vs. living expenses + restitution balance + interest on restitution)[; and] . . . (4) [o]ngoing rehabilitation costs: Movant has paid for his own education courses (completed 13 accredited college courses) [and] [w]ill continue education efforts to enhance employability after 20+ years of incarceration.

(ECF No. 80, at 1-2). As support, he attaches a spreadsheet demonstrating that he has made monthly restitution payments of between $25 and $40 while incarcerated from December 2000 through July 2008, resulting in a total payment of $2,467.05. (ECF No. 80-4).

In opposing Defendant's motion under § 3612(f)(3)(A), the Government cites an unpublished opinion of the United States District Court for the District of Connecticut denying a similar motion on the ground that "Section 3612(f)(3) appears to apply to restitution ordered at the time of sentencing, not to modification of restitution orders after their entry." (ECF No. 81 (quoting *United States v. Messier*, No. 3:05cr279, 2007 WL 1821687, at *1 (D.Conn. June 25, 2007)). Since the time the Government filed its opposition, however, the Fourth Circuit has clarified that "§ 3612(f)(3) permits the court, post-judgment, to waive or limit the payment of interest upon a finding that the defendant is unable to pay interest." *United States v. Coleman*, 319 Fed.Appx. 228, 231 (4th Cir. 2009) (per curiam) (citing *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003); *see also United States v. Perez*, No. 90-CR-546, 2008 WL 4865992, at *2 (N.D.Ill. Jul. 1, 2008) (declining to follow *Messier*, citing *Goode*).

Thus, the court could modify the restitution order in the amended judgment if Defendant were able to establish an inability to pay. Defendant cannot make that showing, however, as the majority of the restitution amount is not due until his release from incarceration and he cannot know at this time what his financial circumstances will be following his release.

6

The letter submitted by the assistant federal public defender suggests that Defendant's request is not for modification of the restitution order, but rather that the court merely correct the amended judgment to be consistent with its oral pronouncement at the original sentencing hearing that interest is waived. Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." In the Fourth Circuit, a "conflict between the orally pronounced sentence and the judgment order is [] deemed to be a clerical error which may be corrected at any time," pursuant to Rule 36. *United States v. Toney*, 22 Fed.Appx. 106, at *1 (4th Cir. Oct. 16, 2001) (per curiam).

Here, at the original sentencing proceeding, the court orally pronounced that it would "not be adding any interest to any unpaid amount" of restitution (ECF No. 23, at 46), but the written judgment did not reflect that interest was waived. At resentencing, although the court did not explicitly address interest, it advised Defendant that he would be paying "slightly more than $10,000 while on supervised release at the term of $280 per month for . . . the 36 months that [he is] on

7

supervised release." (ECF No. 55, at 4).[2] The amended judgment itself requires Defendant to pay restitution of $10,080, which is $280 per month multiplied by the thirty-six months of supervised release. Thus, although the amended judgment did not reflect that interest was waived, that was clearly the court's intent. Accordingly, the amended judgment will be corrected so that it is consistent with that intent.

B. **Motion for Reduction of Sentence**

At the time of Defendant's sentence, § 5H1.3 of the sentencing guidelines provided that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S. Sentencing Guidelines Manual § 5H1.3 (1995). Similarly, under § 5H1.11, a defendant's military service was "not ordinarily relevant in determining whether a sentence should be

---

[2] This statement was inaccurate. Defendant was ordered to pay the individual victims a total of $2,874.00 immediately. That amount was included in the total amount owed of $10,080.00. In other words, upon his release, Defendant owes whatever amount remains unpaid on the total restitution award of $10,080.00 at a rate of $280.00 per month until paid in full.

The court takes judicial notice of Bureau of Prisons records reflecting that, as of June 9, 2011, a total of $3,591.11 has been collected from Defendant as restitution. These records further reflect that the BOP is not assessing interest, as the Government has suggested in its notices to Defendant, but that it believes the total amount owed is $90,000, which is incorrect. That was the restitution amount ordered pursuant to the initial judgment. According to the amended judgment, Defendant owes a total of $10,080 as restitution.

outside the applicable guideline range." *Id*. at § 5H1.11. In November 2010 – over fourteen years after Defendant was sentenced – the Sentencing Commission amended the guidelines to permit judges to consider those factors in certain circumstances and for limited purposes. Under the amended sections, mental and emotional conditions and military service "may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from typical cases covered by the guidelines." U.S. Sentencing Guidelines Manual §§ 5H1.3, 5H1.11 (2010). Defendant now asks the court to apply the amendments retroactively and reduce his sentence.

Defendant has not identified any ground upon which the court could grant this motion. Pursuant to 18 U.S.C. § 3582(c), a district court generally "may not modify a term of imprisonment once it has been imposed." An exception, however, is provided in subsection (c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The amendment to §§ 5H1.3 and 5H1.11 do not meet this statutory criteria. First, the amendment did not lower the applicable sentencing range for the crimes involved in this case; rather, they simply provided the court with discretion to consider these factors in determining whether a departure is warranted. Second, a reduction in Defendant's sentence based on § 3582(c) would not be consistent with the applicable policy statements issued by the Sentencing Commission. "Section 1B1.10 of the Guidelines, the policy statement relevant to § 3582(c)(2), instructs that 'a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2)' unless § 1B.10(c) lists the applicable amendment." *United States v. Mayberry*, No. 3:96-cr-51-TMH, 2011 WL 1667103, at *2 (M.D.Ala. May 3, 2011). Amendment 739, cited by Defendant in the instant motion, "is not included in the list of amendments contained in § 1B1.10." *Id*. Moreover, Amendment 739 has not been made retroactive; thus, it cannot support a reduction pursuant to § 3582(c)(2). *Id*. (citing *Dillon v. United States*, 130 S.Ct. 2683, 2688 (2010)).

**III. Conclusion**

For the foregoing reasons, Defendant's motion to correct the amended judgment will be granted and his motion for reduction of sentence will be denied. A separate order will follow.

```
        _____/s/_____
        DEBORAH K. CHASANOW
        United States District Judge
```